UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br>　　　　Plaintiff,<br>　v.<br>MICHAEL THOMAS, et al.,<br>　　　　Defendants. | Case No. 22-cv-02166 EJD (PR)<br><br>**ORDER OF SERVICE; DISMISSING EQUAL PROTECTION CLAIM; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Salinas Valley State Prison ("SVSP") for unconstitutional acts. Dkt. No. 1. On August 4, 2022, the Court screened the complaint and found it stated cognizable claims under the First Amendment and due process. Dkt. No. 4 at 2-3. The Court dismissed a claim for damages under RLUIPA for failure to state a claim for relief and dismissed with leave to amend an equal protection claim. Id. at 3-4. Plaintiff was advised that failure to file an amended complaint in the time provided would result in the dismissal of the equal protection claim for failure to state a claim, and this action would proceed on the cognizable claims. Id. at 5. Plaintiff has not responded in the time provided. Accordingly, this action shall proceed on the cognizable claims.

///

**DISCUSSION**

A. <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>**Plaintiff's Claims**</u>

In the screening order, the Court found the following cognizable claims:

> Plaintiff claims that his First Amendment rights were violated based on the denial of his right to assemble and practice his Muslim religion. Dkt. No. 1 at 5.  Plaintiff claims that he, along with other Muslims in Facility B of SVSP, were only allowed to assemble 21 weeks out of 128 weeks during 2019, as well as denied religious meals during Ramadan.  Id. These violations began in May 2019, when Plaintiff was denied Halal meals, which prevented him from being able to fast for multiple days during Ramadan.  Id. at 11.  Plaintiff also claims he was denied the right to assemble for prayer several times during that Holy month.  Id.  Specifically, Plaintiff claims that during October and November 2019, Defendants did not allow Muslims to assemble for religious service on the yard, and "systematically" gave excuses.  Id. at 14.  Plaintiff claims Defendants' refusal to allow him "and those similarly situated to assemble for the congregational prayer/service is an act of discriminating against a specific class of people based on race and religion since 99 % of Facility B Muslims are black."  Id.  Plaintiff claims he has been harmed "spiritually, emotionally, mentally [and] physically by staff" by the denial of his First Amendment rights.  Id. at 15.  Plaintiff claims the following: (1) violation of his right to assemble under the First Amendment, (2) violation of his rights under RLUIPA (Religious Land Use and Institutionalized Persons

Act), and (3) violation of due process and/or equal protection.  Id. at 15-16.  Plaintiff seeks declaratory relief and damages.  Id. at 16-17.

Liberally construed, the complaint states cognizable claims under the First Amendment for the denial of his right to peaceably assemble and the free exercise of his religion.  See Moorish Science Temple, Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet).  The complaint also states a cognizable due process claim based on the arbitrary denial of religious gatherings.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).

Dkt. No. 4 at 2-3.  The Court dismissed claim (2) under RLUIPA for failure to state a claim for relief, id. at 3, and the equal protection claim under (3) with leave to amend, id. at 4.  Because Plaintiff has failed to file an amended complaint to correct the deficiency of the equal protection claim, that claim shall be dismissed with prejudice for failure to state a claim for relief.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The following claims are DISMISSED with prejudice for failure to state a claim: (1) the RLUIPA claim for damages against the named Defendants in their individual capacities, and (2) the equal protection claim.

2. This action shall proceed on the claims under the First Amendment, i.e., the denial of Plaintiff's rights to peaceably assemble and the free exercise of his religion, and violation of due process for the arbitrary denial of religious gatherings.

3. The following defendants at SVSP shall be served:

    **a.**    **Captain Michael Thomas**

    **b.**    **Lieutenant Herman Clavijo**

    **c.**    **Sergeant Pedro Soto**

    **d.**    **Captain Lenard M. Pennisi, Jr.**

    **e.**    **Lieutenant Sandeep Bangar**

    **f.**    **Sergeant Mario Barroso**

|     |     |                                                      |
| --- | --- | ---------------------------------------------------- |
| g.  |     | **Sergeant Christian Cole**                          |
| h.  |     | **Sergeant Hector Lomeli**                           |
| i.  |     | **Sergeant Elisa Macay**                             |
| j.  |     | **Lieutenant Robert Poodry**                         |
| k.  |     | **Lieutenant Christy Tange**                         |
| l.  |     | **Alma Tamayo, Community Resource Manager**          |
| m.  |     | **Tammie Frost, former Community Resource Manager**  |
| n.  |     | **Tina Lopez, Correctional Officer**                 |

4. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

5. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

6. Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to

the USMS a copy of the CDCR Report of E-Service Waiver.

7.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b.  **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

8.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

9.  Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

10.  The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

11. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:   November 22, 2022

EDWARD J. DAVILA
United States District Judge