UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNDELL HENDERSON,

Plaintiff,

v.

MICHAEL THOMAS, et al.,

Defendants.

Case No. 22-cv-02166-NW

**ORDER DENYING PLAINTIFF'S MOTIONS TO RECONSIDER, FOR EVIDENTIARY HEARING, AND FOR LEAVE TO AMEND**

Re: ECF Nos. 89, 93, 100

Plaintiff Johndell Henderson, a state prisoner proceeding pro se, filed a motion to reconsider the Court's order partially granting Defendants' motion to dismiss, *see* ECF No. 89, as well as motions for an evidentiary hearing, *see* ECF No. 93, and leave to file an amended complaint, *see* ECF No. 100. The Court addresses each motion below.

## I.    MOTION TO RECONSIDER

Henderson filed a motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b). *See* ECF No. 89. Motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). A motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citing cases). These holdings "reflect[] district courts' concerns for preserving dwindling

resources and promoting judicial efficiency." *Id.*

Henderson raises two broad grounds for reconsideration.  First, Henderson argues that the Court "was in error by dismissing [Henderson's] vaccine related issues with prejudice" because it "failed to follow clearly established law" regarding qualified immunity and the separation of powers.  *See* ECF No. 89 at 3–7.  Henderson also argues that the Court did not consider his evidence of "fraud and the falsification of medical records" by the medical Defendants, which falsely claimed that Henderson verbally consented to receiving the vaccine.  ECF No. 89 at 8.  Neither argument is persuasive.

In dismissing Henderson's claims with prejudice, the Court relied on the PREP Act, which expressly immunizes individuals from legal liability for their activities related to the development, deployment, and administration of medical countermeasures such as vaccines—not qualified immunity.  *Maney v. Brown*, 91 F.4th 1296, 1298 (9th Cir. 2024).  It is undisputed that COVID-19 vaccines were subject to the PREP Act's immunity at the time of the alleged incident, and that the PREP Act covers the physical act of giving someone a vaccine, as well as "activities 'multiple links removed in the chain of events from the ultimate injecting of an individual with a vaccine.'" *Tate v. Costco Wholesale Corp.*, No. 23-cv-013999-RFL, 2024 WL 4489443, *2 (N.D. Cal. Oct. 2, 2024).  Moreover, as the Court explained in its order dismissing Henderson's vaccine-related claims, the PREP Act "expressly immunizes covered persons from § 1983 actions for claims covered by the Act, *even if those claims are federal constitutional claims*." *Maney*, 91 F.4th at 1303 (emphasis added).

Insofar as Henderson argues that the Court misapplied clearly established law, the Court notes that Henderson does not cite to any provision of the PREP Act or cite any relevant case law suggesting that the Court's analysis was mistaken.  *See* ECF No. 73 at 6–7.  Instead, Henderson's motion attempts to relitigate the merits of his claim, including his allegation that he did not consent to receiving the Moderna COVID-19 vaccine booster.  Because the COVID-19 vaccine is a covered countermeasure, however, whether he consented to receiving the vaccine does not change the applicable analysis.  *See Baghikian v. Providence Health & Servs.*, 715 F. Supp. 3d 1265, 1273 (C.D. Cal. 2024) ("Plaintiffs contend that because the decedent did not provide

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

informed consent prior to the administration of [the COVID countermeasures], the PREP Act does not apply. However, Plaintiff does not cite a single case to support this position, and the Court is aware of none. Indeed, courts have held that consent is not a requirement for the application of PREP Act immunity."); *see also M.T. as next friend of M.K. v. Walmart Stores, Inc.*, 528 P.3d 1067, 1084 (2023) (noting that courts have held that the PREP Act applies to "claims based on the failure to obtain consent," and holding that "a claim based on the administration of a covered countermeasure without parental consent is causally related to the administration of a covered countermeasure"). Plaintiff also fails to cite any case law suggesting that the PREP Act is unconstitutional or violates the separation of powers, and his arguments rely only on the constitutional nature of his claim, which the Court addressed in its original order. *See* ECF No. 73 at 7.

To the extent that Henderson argues that alleged fraud entitles him to reconsideration or reopening of the motion to dismiss, his claim is unavailing. Any alleged fraud by Defendants in addressing Henderson's administrative grievances or describing whether Henderson consented to receiving the vaccine booster is immaterial to the question of whether the PREP Act grants Defendants immunity from legal liability for any vaccine-related claims.[1] While the PREP Act provides plaintiffs limited relief for willful misconduct, such claims are cognizable only where the plaintiff suffered "death or serious physical injury" that was "proximately caused by [the covered person's] willful misconduct." 42 U.S.C. § 247d-6d(d)(1). Moreover, this Court does not have jurisdiction over such claims because they may be pursued only in the United States District Court for the District of Columbia. 42 U.S.C. § 247d-6d(e)(1). In any event, Henderson has not shown he is entitled to pursue such a claim under the PREP Act. *See Maglioli v. All. HC Holdings LLC*, 16 F. 4th 393, 410 (3d Cir. 2021) (explaining the seven elements of "willful misconduct" claims under the PREP Act).

Accordingly, Henderson fails to show he is entitled to reconsideration. His motion to

---

[1] Henderson also states that he made attorney William Kwong, who is not representing any party in this case, aware of the alleged fraud committed in addressing his healthcare grievances. It is unclear why Henderson sent the letter to Kwong. As Kwong is not a party or legal representative in this action, whether he received Henderson's letter is irrelevant.

3

reconsider is **DENIED**.  *See* ECF No. 89.  Because Henderson's motion for an evidentiary hearing is related to the alleged fraud described above, and the Court has determined that the alleged fraud is immaterial to whether his vaccine-related claims may proceed, the motion for an evidentiary hearing is also **DENIED**.  *See* ECF No. 93.

## II.    MOTION FOR LEAVE TO AMEND

On July 18, 2025, this Court partially granted Defendants' motion to dismiss Henderson's Second Amended Complaint and granted Henderson limited leave to amend certain claims.  *See* ECF No. 73 at 12–13.  On December 31, 2025, Henderson mailed a motion seeking leave to file a Third Amended Complaint adding several other claims and Defendants, and attempting to add more Defendants and allegations to claims this Court dismissed with prejudice.  *See generally* ECF No. 100.

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Federal Rule of Civil Procedure 16 must be based upon good cause).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given."  *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citation modified).

Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.  *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).  A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  A late amendment to add a new theory, when the facts and the theory have been known to the party since

United States District Court
Northern District of California

4

inception of the action, are "'not reviewed favorably.'" *S.F.Herring Ass'n v. United States Dep't of the Interior*, 946 F.3d 564, 573 (9th Cir. 2019) (citation omitted) (upholding denial of leave to amend to add a count under the Declaratory Judgment Act, where prior complaints already requested declaratory relief, albeit not under the Declaratory Judgment Act). Moreover, a district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001).

### B.    Analysis

Henderson's proposed Third Amended Complaint meets several such criteria warranting denial. First, the Court notes that Henderson has already amended his complaint twice. *See* ECF Nos. 1, 36, 41. Although Henderson's motion effectively attempts to change the Court's briefing schedule, *see* ECF No. 80 at 2, Henderson does not explain why he failed to request an extension of time to file his amended complaint despite filing numerous motions related to this matter before and after the deadline. *See* ECF No. 80 at 2; *see also* F. R. Civ. P. 16; *Janicki Logging Co.*, 42 F.3d at 566. The Court notes that Henderson was cautioned that "[f]ailure to file an amended complaint within the deadline will result in the case continuing only as to the following claims: . . . Claim 1: First Amendment freedom of exercise claims against Pennisi, Foss, Hernandez, Thomas, Macay, Tamayo, Covarrubias, and Dr. Bright; . . . Claim 2: RLUIPA Claim against Pennisi, Foss, Hernandez, Thomas, Macay, Tamayo, Covarrubias, and Dr. Bright; and . . . Claim 4: Eighth Amendment deliberate indifference and First Amendment retaliation claims against Pennisi and Dr. Bright." ECF No. 80 at 2.

In addition to being untimely, Henderson's proposed amendment goes far beyond the limited leave to amend granted to him, *see generally* ECF Nos. 73, 80, and despite the increased number of allegations in the proposed Third Amended Complaint, the proposed amendment fails to address most of the deficiencies identified by this Court in its motion dismissing some of Henderson's claims with leave to amend, namely, that Henderson articulate a *specific basis* for liability for "Claims 1, 2, and 3 as to Defendants Bangar, Clavijo, Tange, Barroso, [and] Cole." ECF No. 80 at 2; *see Sherrell v. Bank of America, N.A.*, No. CV-F-11-1785-LJO-JLT, 2011 WL

6749765, *4 (E.D. Cal. Dec. 22, 2011) ("When suing multiple defendants, a plaintiff 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'").

The Court is also concerned about the expansive nature of the proposed amendment given the state of the proceedings and age of this case.  This matter was initially filed on April 6, 2022, *see* ECF No. 1, and several of the new claims and allegations raised by Henderson occurred years prior to his initial filing, with some allegations as far back as 2010, 2019, and 2020 (*see, e.g.,* ECF No. 100-1 at 20).  The Court notes that Henderson's Second Amended Complaint (ECF No. 41) raised First and Fourteenth Amendment Free Exercise claims, Eighth Amendment claims, and claims under RLUIPA against Lenard Pennisi, M. Atchley, Tammy Foss, Carolyn Hernandez, Robert Podry, Tenille Frost, Michael Thomas, Sandeep Banger, Herman Clavijo, Christy Tange, Elisa Macay, Mario Barroso, Christian Cole, Alma Tamayo, Fernando Covarrubias, Darrin Bright, Kim Kumar, and Jamaal Rodgers.  *See id.* at 2; *id.* at 16–18.  Henderson's proposed Third Amended Complaint includes new claims—under the Americans with Disabilities Act, the Rehabilitation Act, and Fourteenth Amendment Due Process, as well as unspecified state law claims and additional claims under the Eighth Amendment; additionally, the proposed amendment names new individuals as Defendants:  Juliana Vanessa Picazo, Salim Elhalaby, Rhea Rongue, Haaziq Muhammad, Heather Dowless, and Sui Qingbo.  *See* ECF No. 100-1 at 2; *id.* at 37–40.  With the exception of the claim against Elhalaby, which Henderson alleges was newly discovered based on prior fraud, Henderson does not provide any non-conclusory explanation as to why he was unable to bring the claims in his previous complaints.[2]  *See* ECF No. 100 at 2.  Under these circumstances, Henderson's failure to include the new claims in his prior complaints suggests that his addition of the claims at this juncture is sought in bad faith or in an effort to further delay this matter.  *See Royal Ins. Co. of Am. V. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) ("Late

---

[2] Henderson alleges that he could not properly see certain unspecified documents without his contact lenses.  *See* ECF No. 100 at 2.  His argument is conclusory only, and the Court notes that this issue has not stopped Henderson him from filing numerous other motions in this case.

amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

To the extent that Henderson's proposed Third Amended Complaint adds new allegations of fraud related to his vaccine claims, any such information is moot because this Court dismissed the vaccine-related claims with prejudice. *See, e.g.*, ECF No. 100-1 at 29–33; *see also* ECF No. 73 at 12–13.[3]  Moreover, even assuming that the new claim against Elhalaby for falsifying Henderson's vaccine-related medical/prison records is not barred by the PREP Act, amendment would be futile because Henderson fails to state a cognizable federal claim. *See Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (prisoners do not have independent due process right to accurate prison or medical records); *see also Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

Accordingly, because Henderson fails to show good cause for failing to comply with the Court's deadline to file an amended complaint or request an extension to do so, and because the proposed amended complaint would cause undue delay or is otherwise futile, Henderson's motion requesting leave to amend to file his proposed Third Amended Complaint is **DENIED**.  The denial is without prejudice to Henderson pursuing his new claims in separate lawsuits filed in the appropriate venue except as specified within this Court's prior orders dismissing certain claims with prejudice. *See* ECF Nos. 73, 80.

### III.    CONCLUSION

The Court orders as follows:

    1.    Henderson's motion to reconsider (ECF No. 89) is **DENIED**.

    2.    Henderson's motion for an evidentiary hearing (ECF No. 93) is **DENIED**.

---

[3] Henderson argues that the Court's prior dismissal of defendants who were not served is void, perhaps confusing the Ninth Circuit's holding in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), which states that magistrate judges may not dismiss unserved parties because all parties must consent to magistrate judge jurisdiction.  As the undersigned is not a magistrate judge, the claim has no merit.  To the contrary, where a plaintiff is proceeding *in forma pauperis*, the Court has a continuing duty to dismiss frivolous or non-cognizable claims against any defendants pursuant to 28 U.S.C. § 1915(e)(2).

United States District Court
Northern District of California

United States District Court
Northern District of California

3. Henderson's motion for leave to file an amended complaint (ECF No. 100) is **DENIED**.

4. This matter will proceed as to the following claims and Defendants:

    a. Claim 1: First Amendment freedom of exercise claims against Pennisi, Foss, Hernandez, Thomas, Macay, Tamayo, Covarrubias, and Dr. Bright;

    b. Claim 2: RLUIPA Claim against Pennisi, Foss, Hernandez, Thomas, Macay, Tamayo, Covarrubias, and Dr. Bright; and

    c. Claim 4: Eighth Amendment deliberate indifference and First Amendment retaliation claims against Pennisi and Dr. Bright.

5. All other claims and Defendants are **DISMISSED**.

6. To expedite the resolution of this case, the Court orders the following briefing schedule:

    a. No later than **60 days** from the date of this order, Defendants will file a motion for summary judgment. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Henderson.

    b. At the time the motion for summary judgment is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953–54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940–41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

United States District Court
Northern District of California

c. Henderson's opposition to the motion for summary judgment, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Henderson must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953–54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.  If Henderson needs additional time to file his opposition, he must request an extension of time prior to the deadline.

d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

2. All communications by Henderson with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.  Henderson must ensure that any communications about this case are directed to the correct representative, rather than addressed to non-party attorneys or attorneys who have not made an appearance in this matter.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.  The parties must attempt to meet and confer before filing any motion to compel.  *See* F. R. Civ. P. 37(a)(1).

7. It is Henderson's responsibility to prosecute this case.  Henderson must keep the Court informed of any change of address by filing a separate paper with the Clerk

headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 16, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

10

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.