UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL THOMAS, et al.,<br><br>Defendants. | Case No. 22-cv-02166-NW<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 107, 113 |

The Court is in receipt of motions from Plaintiff Johndell Henderson, a *pro se* state prisoner, seeking class certification and the appointment of counsel. *See* ECF Nos. 107, 113. The Court finds this matter suitable for disposition without a hearing. *See* N.D. Cal. Civ. L.R. 7-1(b). Upon due consideration, the Court **DENIES** each motion.

## I.      MOTION FOR CLASS CERTIFICATION

Henderson filed a motion to certify a class of Muslim prisoners affected by Defendants' alleged interference with their ability to exercise their religion at Salinas Valley State Prison. Henderson alleges that several of the Muslim prisoners cosigned the grievances and appeals Henderson filed regarding some of the incidents underlying his religious exercise claim, which is currently pending in this lawsuit. He states that he needs class certification because he does not have access to certain relevant grievances and appeals filed by other prisoners.[1] *See* ECF No. 107 at 1-5.

---

[1] To the extent that Henderson argues he is unable to access certain documents and information that he needs to prove exhaustion, he is reminded that he may request those documents through discovery or, if he is unable to obtain them after meeting and conferring with defense counsel, by filing a motion to compel. *See* Fed. R. Civ. P. 37; N.D. Cal. Civ. L.R. 37.

United States District Court
Northern District of California

United States District Court
Northern District of California

Class certification is governed by Federal Rule of Civil Procedure 23, which requires a party seeking class certification to show numerosity, common questions of law or fact, typical claims or defenses from the representative parties, and that the representative parties can fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). A party seeking class certification must "affirmatively demonstrate . . . compliance with the rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Moreover, a plaintiff must provide enough information to allow the district court to perform a "rigorous analysis" of Rule 23's factors. *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 730 (9th Cir. 2007).

Henderson does not acknowledge Rule 23's requirements and fails to show that class certification is appropriate in this matter. For example, Henderson has not shown that the number of prisoners affected by the religious exercise claims at issue is so numerous that other prisoners cannot pursue their claims through joinder.[2] *See Cal. Coalition for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 728 (N.D. Cal. 2024) ("A class must be sufficiently numerous that joinder of all members is impracticable."). In addition, Henderson is prohibited from prosecuting a class action on behalf of other similarly situated plaintiffs because he is *pro se* and therefore cannot fairly represent and adequately protect the interests of his proposed class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."); *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class).

Henderson's motion for class certification is **DENIED**.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

As noted, Henderson also seeks the appointment of counsel. ECF No. 113. Henderson argues that he is entitled to appointment of counsel because of his impaired vision, side-effects from his medication, loss of his typewriter, ongoing litigation of his *pro se* habeas corpus petition,

---

[2] It is also unclear from the filings whether any intended class members would have standing to pursue a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act. *See* ECF No. 73 at 9–10.

and inability to access other prisoners' files in order to prove that he exhausted his claims through group appeals. However, Henderson fails to show extraordinary circumstances warranting the appointment of counsel.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1). The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted).

Although the Court is mindful that Henderson may need additional time to prepare his filings in this matter due to his medical conditions and his lost typewriter, his case does not present exceptional circumstances. First, Henderson has not shown a likelihood of success at this stage, as the parties have not yet developed the merits of his claims. Moreover, regardless of any medical conditions, Henderson has shown he is capable of adequately presenting his claims, facts, and arguments, as evidenced by his numerous filings in this matter, including Henderson's filing of four motions and an appeal within the last month alone. Accordingly, the Court **DENIES** the motion for the appointment of counsel. If Henderson needs additional time to prepare his legal filings in this matter, he may request an extension of time.

III. **CONCLUSION**

The Court orders as follows:

    1. The motion for class certification (ECF No. 107) is **DENIED**.

2. The motion for appointment of counsel (ECF No. 113) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 29, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

4