United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br>Plaintiff,<br>v.<br>MICHAEL THOMAS, et al.,<br>Defendants. | Case No. 22-cv-02166-NW<br>**ORDER DENYING PLAINTIFF'S MOTION FOR A STAY OF DISCOVERY**<br>Re: ECF No. 110 |

The Court is in receipt of a motion to stay discovery from Plaintiff Johndell Henderson, a *pro se* state prisoner. *See* ECF No. 110. The Court finds that this matter is suitable for disposition without a hearing. *See* Civil L.R. 7-1(b). Upon due consideration, the Court **DENIES** the motion.

On March 20, 2026, Defendants sent Henderson interrogatories and requests for admissions. *See* ECF No. 110 at 1. Henderson subsequently filed a motion to stay discovery pending this Court's rulings on several motions, the resolution of his interlocutory appeal, and due to his visual impairment disability. Henderson also seeks a "protective order" for personal and legal documents in his possession and in the California Department of Corrections and Rehabilitation's storage.

Federal Rule of Civil Procedure 26 governs a request for a stay of discovery. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Although a district court has "'considerable latitude under [Rule 26(c)] to craft protective orders during discovery[,] [s]uch orders are only appropriate . . . upon a showing of "good cause" by the party seeking the order.'" *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 (N.D. Cal. 2024) (quoting *Gray*, 133 F.R.D. at 40). "'A party seeking a stay of discovery carries the heavy burden

United States District Court
Northern District of California

of making a "strong showing" why discovery should be denied.'" *Id.* (quoting *Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021).

In determining whether a stay pending the resolution of a motion is appropriate, the Court must determine whether the pending motion at issue is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Realtek Semiconductor Corp.*, 732 at 1118. The Court must also

> determine whether the pending motion[s] can be decided absent additional discovery. If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds. In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted.

*Id.* (citation modified).

Here, Henderson's cited filings and appeal have now been resolved, and can no longer justify a stay. Nor has Henderson filed any additional motions that are "potentially dispositive" of the case or any issue at which discovery is directed. *Realtek Semiconductor Corp.*, 732 at 1118. Discovery must therefore proceed. To the extent that Henderson also argues that his disability entitles him to a stay of discovery, his argument is unpersuasive given that Henderson has prepared and filed numerous motions in this matter over the past year. But Henderson's disability may entitle him to additional time to file motions, oppositions, or other filings for good cause. As Henderson fails to show he is entitled to an order staying discovery pursuant to Federal Rule of Civil Procedure 26, the motion is **DENIED**.

To the extent that Henderson additionally requests a protective order addressed to his correctional facility and the California Department of Corrections and Rehabilitation regarding his personal and legal documents, the Court notes that his request is vague, as he does not explain the relief he seeks. Moreover, Henderson does not explain why he needs any protective order nor cite any legal authority in connection with his request. The request is therefore **DENIED WITHOUT PREJUDICE** to Henderson filing a proper motion explaining the specific relief he seeks and the grounds that entitle him to such relief.

The Clerk shall terminate ECF No. 110.

Dated: August 18, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California